IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| S.J.C. ILLINOIS, LLC, | |
| **Plaintiff,** | |
| v. | Case No. 22-CV-00096-NJR |
| VILLAGE OF EAST CAPE GIRADEAU, IL, | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Village of East Cape Girardeau ("East Cape") seeks to dismiss the Amended Complaint filed by Plaintiff S.J.C. Illinois, LLC ("SJC").[1] For the reasons set forth below, the Motion to Dismiss (Doc. 15) is denied.

### BACKGROUND

On November 11, 2014, East Cape purportedly adopted a municipal ordinance, Ord. 20141111-A ("Ordinance"), regulating alcohol sales and use within the limits of East Cape. The Ordinance defines "Night Club" "as an establishment whose principal source of business is the sale and service of alcohol and any form of adult entertainment consisting of live dancers, full or partial nudity, wet t-shirt contests, and any other pernicious adult entertainment as allowed by the laws of the State of Illinois." (Doc. 12, p. 13). The Ordinance governs the hours that licensed businesses are permitted to sell

---

[1] Prior to the filing of the Amended Complaint, East Cape filed its first Motion to Dismiss. That motion (Doc. 10) is denied as moot.

alcohol. (*Id.* at p. 16). Under Section 5A, a "Night Club" was permitted "to serve alcohol between the hours of 8:00 a.m. to 12:00 midnight and from 12:00 midnight to 4:30 a.m." (*Id.*). Under Section 10L of the Ordinance, a licensee violates a liquor permit license if it "keep[s] open for business or admit[s] the public or patrons or customers or persons to any premises licensed under this Ordinance for the retail sale of alcohol during the hours within which sale of such liquor is prohibited or to permit or allow persons, patrons, or customers to remain in or about the licensed premises either before or after the hours designated within which the sale and consumption of alcoholic liquors is prohibited on the licensed premises." (*Id.* at p. 24).

SJC is a business in East Cape that provides erotic, nude, and partially nude dance performances to its patrons from 3:00 p.m. to 4:30 a.m. (*Id.* at pp. 5-6). Besides offering erotic entertainment, SJC allegedly has a valid liquor license issued by East Cape and Illinois until December 31, 2022. (*Id.* at p. 6).

On January 11, 2022, East Cape adopted an amendment to the Ordinance. (*Id.* at pp. 31-35). The amendment allegedly changed the hours of operation for any business issued a Night Club license by requiring SJC to stop selling or otherwise distributing alcohol at 1:30 a.m. (*Id.* at p. 33).

On January 18, 2022, SJC commenced this action against East Cape. (Doc. 1). In Counts I and II, SJC alleges that the amendment to the Ordinance is unconstitutional under the First and Fourteenth Amendments. (Doc. 12, pp. 6-7). In Count III, SJC seeks a declaration that as a matter of law, the amendment is null, void, and of no effect. (*Id.* at

p. 8). In Count IV, SJC seeks permanent injunctive relief by "restraining and enjoining the Defendant, its officers, agents, servants, attorneys and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing the Amendment to the Ordinance against Plaintiff." (*Id.* at pp. 8-9). East Cape timely filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

### I. Improperly Adopted Ordinance Claim (Count III)

SJC alleges that East Cape's Ordinance was never properly adopted. (Doc. 12, pp. 3, 8). According to SJC, the copy of the Ordinance obtained "does not contain an ordinance number, does not contain a recordation of the yeas and neas, or have a

certification by the Clerk of the Village Board of Trustees that it was duly adopted." (*Id.* at p. 3). SJC's counsel requested that East Cape "produce a signed copy of [ ] [the] [Ordinance], along with the attendant certification signed by the clerk." (*Id.*). "Counsel for [SJC] followed up with [ ] [East Cape's] counsel on February 14, 2022, and was told that [ ] [East] [Cape's] counsel had 'requested those last week and just sent a follow up email to get them' and 'will get them to you as soon as they are received.'" (*Id.* at p. 4). "A second follow-up email a week later indicated [ ] [East Cape] was still 'actively looking' for the purported ordinance." (*Id.*).

East Cape's motion fails to address whether the Ordinance was properly adopted. Accordingly, East Cape's Motion to Dismiss must be denied.

**II.     First Amendment Claims – Counts I & II**

Even if East Cape's Ordinance was properly adopted, the Court must still deny the Motion to Dismiss. East Cape first argues that Counts I and II should be dismissed because "Illinois law specifically permits villages the right to set its own hours of operation for the sale of alcoholic beverages." (Doc. 16, p. 2). The problem is SJC is alleging East Cape's Ordinance violates the First Amendment.

"The First Amendment provides, in part, that 'Congress shall make no law . . . abridging the freedom of speech . . ..'" *Ben's Bar, Inc. v. Vill. of Somerset*, 316 F.3d 702, 707 (7th Cir. 2003) (quoting U.S. Const. amend. I.). "The First Amendment's Free Speech Clause has been held by the Supreme Court to apply to the states through the Fourteenth Amendment's due process clause." *Id.* (citing *Gitlow v. People of State of New York*, 268 U.S.

652, 666 (1925)). When a municipal regulation restricts the sale or consumption of alcohol at adult entertainment establishments, district courts within the Seventh Circuit apply a four-part test to determine whether the regulation is constitutional.

> (1) the State is regulating pursuant to a legitimate governmental power;
>
> (2) the regulation does not completely prohibit adult entertainment;
>
> (3) the regulation is aimed not at the suppression of expression, but rather at combating the negative secondary effects caused by adult entertainment establishments; and
>
> (4) the regulation is designed to serve a substantial government interest, narrowly tailored, and reasonable alternative avenues of communication remain available; *or*, alternatively, the regulation furthers an important or substantial government interest and the restriction on expressive conduct is no greater than is essential in furtherance of that interest.

*Id.* at 722 (citations omitted). If the ordinance meets the first three steps, then it "is constitutional as long as it survives intermediate scrutiny, meaning it serves a 'substantial governmental interest,' is 'narrowly tailored,' and 'reasonable alternative avenues of communication remain available.'" *7421 W. 100th Place Corp. v. Vill. of Bridgeview*, 2016 WL 5373062, at *6 (N.D. Ill. Sept. 26, 2016) (quoting *Ben's Bar, Inc.*, 316 F.3d at 722). "If, on the other hand, a regulation is not aimed at secondary effects (it fails step three), strict scrutiny applies." *Joelner v. Vill. of Washington Park, Ill.*, 508 F.3d 427, 431 (7th Cir. 2007).

East Cape fails to address the four-part test. East Cape also fails to provide any materials for the Court to evaluate the municipality's underlying regulatory motivations. *See Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 624 (7th Cir. 2004) (citation omitted) (noting that when evaluating a municipality's underlying regulatory

motivations courts consider "a wide variety of materials including, but not limited to, the text of the regulation or ordinance, any preamble or express legislative findings associated with it, and studies and information of which legislators were clearly aware"). And, even if East Cape provided the Court materials to evaluate East Cape's underlying regulatory motivations, evaluating these materials would be improper at the motion to dismiss stage.[2]

East Cape also asserts that "[i]n order for the Plaintiff to establish a violation of § 1983, the Plaintiff must prove that the Defendant acted under color of state law and that their conduct deprived Plaintiff of a right, privilege or immunity secured by the United States Constitution." (Doc. 16, p. 4). East Cape continues:

> There is nothing in Plaintiff's Complaint to show that the Village's change in hours of operation deprived Plaintiff of a right, privilege or immunity secured by the United States Constitution. While a company's liquor license may be property rights protected by the Fourteenth Amendment, *Reed v. Village of Shorewood*, 704 F.2d 943 (7th Cir. 1983), the hours in which a business can sell alcoholic beverages is not a protected property right and therefore as a result there are no § 1983 violations that Plaintiff can claim and as a result, Plaintiff's Amended Complaint fails to state a claim for which relief may be granted as the Village of East Cape Girardeau has the absolute right to set hours for the sale of alcoholic beverages within the Village in accordance with state law.

(*Id*.).

Again, this case is at the motion to dismiss stage. This argument also fails as SJC

---

[2] SJC spends much of its response on whether strict scrutiny or intermediate scrutiny applies. To do so, SJC discusses *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155 (2015), and apparently contends that *Reed* changed the applicable law so that the Ordinances will be subject to strict scrutiny. At this juncture, this issue need not be decided. The Court is cognizant, however, of counsel's prior attempts to call into question the secondary-effects doctrine in other circuits. *See Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia*, 703 F. App'x 929, 933 (11th Cir. 2017).

alleges a § 1983 violation. SJC is alleging East Cape's Ordinance violates the First Amendment as noted above. *See also Reed v. Vill. of Shorewood*, 704 F.2d 943, 949 (7th Cir. 1983), overruled on other grounds by *Brunson v. Murray*, 843 F.3d 698, 713 (7th Cir. 2016)) ("The First Amendment claim in this case is separate from the plaintiffs' claim to have been deprived of property.").

## CONCLUSION

For these reasons, the Motion to Dismiss filed by Defendant Village of East Cape Girardeau is **DENIED**. The action will proceed on SJC's claims in Counts I-IV.

**IT IS SO ORDERED.**

**DATED:** April 25, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**